# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILMER J. RICE,

        Plaintiff,

vs.

WALDEMAR LINK GMBH & CO. KG,
a foreign corporation,

        Defendant.
_____/

Case 2:09-cv-14023
Honorable Lawrence P. Zatkoff

John A. Zick (P34305)
Attorney for Plaintiff
34705 W. Twelve Mile Road, Suite 311
Farmington Hills, MI 48331
(248) 489-1447
jzick@mcleodusa.net

Thomas P. Branigan (P41774)
Nicole L. DiNardo (P64750)
Bowman and Brooke LLP
Attorneys for Defendant
50 West Big Beaver Road, Suite 600
Troy, MI 48084
(248) 687-5300
tom.branigan@bowmanandbrooke.com
nicole.dinardo@bowmanandbrooke.com
_____/

## **STIPULATION AND CONFIDENTIALITY PROTECTIVE ORDER**

The parties in connection with the above-captioned action agree to the following Stipulation and Confidentiality Protective Order to facilitate the exchange of discoverable information and, in particular, the production of documents, the service of discovery responses, and the taking of testimony. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect.

1.  Documents or information containing confidential or proprietary business information and/or trade secrets ("Protected Documents") that bear significantly on the claims or defenses of defendant Waldemar Link GMBH & CO. ("Waldemar") are likely to be disclosed or produced during the course of discovery in this litigation. All Protected Documents that may be produced in response to discovery requests in this case either by agreement, under order of the Court or otherwise obtained by Plaintiff, his attorneys, consultants, agents, or experts in this action shall be given confidential treatment as described below.

2.  Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided for in the paragraphs below, Plaintiff shall keep all Protected Documents and the contents of/material contained therein confidential from all persons.

3.  Plaintiff, or his representatives, shall share protected documents, and shall not disclose the contents thereof, except with prior written consent of Waldemar, or upon order of the Court, _only_ to the following persons (hereinafter referred to as "Qualified Persons"):

    a.  Plaintiff's counsel of record in this action;

    b.  Employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action; and

    c.  Experts and consultants retained by Plaintiff necessary for the preparation of a trial in this specific action, _provided_ that no such disclosure shall be made to any person employed by any competitor of Waldemar, except upon Order of the Court.

4.  Before being given access to any Protected Document, each Qualified Person to whom Plaintiff or his representatives intends to deliver, exhibit, or disclose any Protected

Document or material contained therein shall be advised of the terms of this Agreement, shall execute and shall agree in writing, in the form attached hereto as **Exhibit A**, to be bound by its terms. Counsel for Plaintiff shall maintain a list of all Qualified Persons to whom any Protected Document or material contained therein are provided, and that list shall be available for inspection by the Court.

5. Plaintiff's counsel shall keep records of all copies of each Protected Document distributed in whole or in part to Qualified Persons. Any copies so distributed shall be <u>returned</u> to counsel for Plaintiff after the completion of the Qualified Person's consultation or representation in this case.

6. To the extent that any Protected Documents or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order along with the transcript pages of the deposition testimony dealing with the Protected Documents or information. At the time any Protected Document is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

7. Each document that is filed with the Court that contains any portion of any Protected Documents or information taken from any Protected Documents shall be filed pursuant to the Court's specific rules governing the filing of confidential material and/or documents. If the Court has no specific rules governing the filing of confidential material and/or documents, each document that is filed with the Court that contains any portion of any Protected Documents or information taken from any Protected Documents shall be filed in a sealed envelope or other

appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information filed in this case by [the appropriate party], and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to this action. This envelope shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

In the event the above-captioned action proceeds to trial, this Order does not preclude the use of Protected Documents at trial, including the admission of documents into evidence. However, the use of Protected Documents at trial, including the admission of Protected Documents into evidence, does not change their status as Protected Documents under this Order.

8. Within 30 days after the conclusion of this action or 30 days upon resolution of the case and before any settlement drafts are exchanged upon settlement, all Protected Documents, and all copies thereof, and all excerpts therefrom shall be <u>returned</u> to counsel for Waldemar.

9. At the conclusion of the work of the Qualified Persons, all Protected Documents and all reports, reliance materials, copies, prints, negatives, notes, information derived therefrom, and summaries thereof shall be returned to the attorneys who retained the Qualified Persons provided access to the Protected Documents. At the time of the return, an Affidavit in the form of **Exhibit B** attached hereto shall be executed by the Qualified Persons who have had access to the Protected Documents, stating that they have complied with the provisions of this Protective Order. Such Affidavit shall be returned to the attorneys who provided access to the Protected

Documents and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, the parties receiving the Qualified Persons pursuant to this Protective Order shall provide to counsel for Waldemar all Protected Documents produced under the terms of this Protective Order. The parties receiving the Protected Documents pursuant to this Protective Order shall further provide to counsel for Waldemar at such time of re-delivery an Affidavit in the form of **Exhibit B** attached hereto representing compliance, as outlined herein, with the terms of this Protective Order and all Affidavits received by such parties pursuant to this paragraph.

10. Plaintiff, his counsel and experts or any other person retained by Plaintiff to assist in the preparation of this action shall not, under any circumstances, sell, offer for sale, advertise, or publicize either the contents of/material contained in the Protected Documents or the Protected Documents produced in this case.

11. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Plaintiff and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

Date: February 18, 2010  
s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

By: __s/ with consent of John A. Zick ___      By: __s/ Nicole L. DiNardo_____
     John A. Zick (P34305)                                        Thomas P. Branigan (P41774)
     Attorney for Plaintiff                                             Nicole L. DiNardo (P64750)
                                                                                    Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILMER J. RICE,

    Plaintiff,

vs.      Case 2:09-cv-14023
    Honorable Lawrence P. Zatkoff

WALDEMAR LINK GMBH & CO. KG,
a foreign corporation,

    Defendant.
_____/

## **EXHIBIT A**

I certify that I have read the attached Protective Order entered in the above entitled and numbered action. Before reviewing or receiving access to the contents of any documents, materials and/or matters designated as "Confidential" or "Produced Pursuant to Protective Order," I acknowledge and agree that I am personally bound by and subject to the terms of the Protective Order. I further agree to abide by all terms of the Protective Order. I subject myself to the jurisdiction and venue of this Court for the purpose of enforcement of the Protective Order.

Signed this the ____ day of _____, 20____.

_____
Signature

_____
Name

_____
Address

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILMER J. RICE,

    Plaintiff,

vs.    Case 2:09-cv-14023
    Honorable Lawrence P. Zatkoff

WALDEMAR LINK GMBH & CO. KG,
a foreign corporation,

    Defendant.
_____/

## **EXHIBIT B**

## **AFFIDAVIT REGARDING DOCUMENTS PROVIDED PURSUANT TO STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**

State of _____ )
                           ) ss.
County of _____ )

_____, being first duly sworn, upon his or her oath, deposes and says:

    1.    I have been provided copies of, or access to, confidential documents, materials, and information that are subject to a Stipulated Protective Order Regarding: Confidentiality of Documents and Materials ("Stipulated Protective Order") in the above-captioned action (hereinafter "Protected Documents").

    2.    I have read and complied with all of the provisions of the Stipulated Protective Order entered in the action regarding the Protected Documents.

    3.    In formulating my opinions or in preparing for and/or assisting in the trial of the above-captioned action, I have provided the following individuals copies of, or access to, the Protected Documents at the address stated:

_____

_____.

4. The individuals listed in Paragraph 3 are the only individuals to whom I provided copies of, or access to, the Protected Documents.

5. Before providing copies of, or access to, the Protected Documents to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Stipulated Protective Order in this action.

6. The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Stipulated Protective Order and have returned all copies of Protected Documents and a copy of each such Affidavit is attached hereto.

7. I have made no copies of the Protected Documents provided pursuant to the Stipulated Protective Order, other than those that have been returned to plaintiff's counsel.

8. With the Affidavit, I have returned all copies of Protected Documents provided to me in the above-captioned action pursuant to the Stipulated Protective Order and have returned all Affidavits of those individuals to whom I provided copies of, or access to, the Protected Documents.

9. After submitting this Affidavit and the attached Affidavit Regarding Documents Provided Pursuant to Stipulated Protective Order Regarding Confidentiality of Documents and Materials and all copies of the Protected Documents to Plaintiff's counsel, pursuant to the requirements set forth in the Stipulated Protective Order, I will not have any copies of the Protected Documents.

10. I have otherwise complied with all of the terms of the Stipulated Protective Order covering confidential documents and materials produced in the above-captioned action.

_____
Affiant

SUBSCRIBED TO AND SWORN to me, a Notary Public, this _____ day of _____, 20\_\_\_.

_____
Notary Public

My Commission Expires:

_____